HARVEY SANDERS, ETC., *v.* DANIEL WILSON.

**Reformation of Instruments—Mutual Mistake, Proof of.**
Where relief is sought on account of mistake, the mistake must be established by proof that it was mutual, and must be shown to the satisfaction of the court.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 20, 1873.

OPINION BY JUDGE PETERS:

That courts of equity have in some cases, on account of fraud or mistake, departed from the rule which excludes parol evidence to vary, or control written contracts, even when they have been executed, and make them conform to the true intention of the parties, is admitted. But if the relief be sought on account of mistake, it must be established that the mistake was mutual and the proof thereof must be clearly made out to the entire satisfaction of the court.

The evidence in this case fails to satisfy the requirements of the law. Mr. Barrett, the only witness who was examined on the subject of the alleged mistake, and who was present at the time the deed complained of was executed, as counsel for A. G. Walthall, and assisted in preparing it, says: "I think the parties (referring to Mr. and Mrs. Walthall) understood the settlement then made was a final settlement of that question, meaning the question of alimony. If there were any other matters in dispute between them, and then settled, I did not know it." This evidence shows that the deed accomplished all that the parties then contemplated, omitting no part of their agreement. It results, therefore, that the judgment must be *affirmed*.

*James, Bush, Joyes, Hord, for appellant.*

*Pirtle & Caruth, D. English, for appellee.*